IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARL REED, et al.            )
                             )
    v.                       )   NO. 3:09-0616
                             )
STATE OF TENNESSEE, et al.   )

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered July 10, 2009 (Docket Entry No. 4), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, for consideration of all pretrial matters.

## I. BACKGROUND

Carl Reed and Constance Haliburton-Bryant ("Mr. Reed and Ms. Bryant") are two Tennessee residents who were named as defendants in an unlawful detainer civil action filed on June 25, 2009, in the Rutherford County, Tennessee General Sessions Court by Richard Gleaves. See Notice of Removal (Docket Entry No. 3), at 5-7. Mr. Gleaves also sought a monetary judgment against Mr. Reed and Ms. Bryant for unpaid rent, late fees and legal fees. Id.

On July 2, 2009, Mr. Reed and Ms. Bryant removed the action to the Middle District of Tennessee asserting federal question jurisdiction. See Docket Entry No. 3. They simultaneously filed a complaint for relief "pursuant to the legal protections of the Equal Protection Clause of the

Thirteenth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1964, as amended and its ensuing regulations, the Federal Housing Finance Regulatory Reform Act of 2008 amendment to the Housing and Economic Recovery Act of 2008, the Fair Housing Act, as amended, and its ensuing regulations, the Fannie Mae Charter Act, as amended, and its ensuing regulations." See Complaint (Docket Entry No. 1), at 3. Named as defendants to their complaint are Mr. Gleaves, "June Hall-Martin-McCash," the "State of Tennessee and its Legislature," "Rutherford County," the "Rutherford County Circuit of the Sixteenth Judicial District of Tennessee," four financial institutions, seven attorneys, as well as "named and un-named private bankers as principals brokering secondary market mortgage funds and securities originating as subsidized financial credit under Fannie Mae regulatory authority," and "named and un-named private borrowers acting as operatives and straw purchasers for realty financed by subsidized financial credit under Fannie Mae regulatory authority." Id. at 1-2.

In their eleven page complaint, Mr. Reed and Ms. Bryant set out numerous allegations of what they contend is unfairness and inequality related to the ownership, transfer, and financing of real estate. However, as best the Court can decipher from the complaint, the only specific claims made by Mr. Reed and Ms. Bryant are that they:

> challenge this provisional amendment [Tenn. Code Ann. 66-28-102(d)] as un-Constitutional, and bring this suit as recourse and redress against the State of Tennessee, Rutherford County, and others for its effect which, in Rutherford County constructively and unlawfully re-orders the self-interests in real property to disproportionately benefit whites by racializing the access to taxpayer-subsidized financing of real property and legal representation; thereby, its effect involuntarily indentures the human industry of an economic class which is disproportionately black.

see Complaint, at 4, ¶ 5, and they:

allege and claim damages from the effect and direct infliction of foreseeable harm that individual, named and yet un-named, as defendants in this cause, have normalized a systematic process whereby the transfer and distribution of interests in real property, <u>without livery of seisin (*demesne*) lawfully vesting in compliance with state statutes and Real Property Law</u> in order to profit from the accrual of rents from the personal industry of strangers (non-familial) for which not one party in interest named as defendants has possessed the legal standing to contract for and, therefore, collect damages as *mesne* profits.

In that, lawyers acted as the principals of the activities transpiring between them and operative straw purchasers, plaintiffs allege, acting alone and in concert with each other the named and yet un-named parties knowingly conspired and engaged in unlawful schemes and rackets that have unjustly and unlawfully damages us, directly and indirectly.

Plaintiffs seek relief *ad instanter* preliminary injunction against defendants as intervention and review *at law* by a court of competent jurisdiction to determine and adjudicate the Constitutionality of Rutherford County exclusion from the Tennessee Uniform Residential Landlord Tenant Act

And, determine the legality of the defendants' standing and claims of legal interests, pursuant to a series of security agreements transferring the legal estate of Fannie Mae taxpayer-subsidized real properties having been unlawfully converted from realty to personalty, cash assets and other forms of concrete capital in violation of the Fannie Mae Charter Act and its ensuing regulations.

<u>Id</u>. at 10-11, ¶¶ 21-24 (underlying and italics in original).

On July 10, Mr. Gleaves filed a <u>pro</u> <u>se</u> "Response to Removal." <u>See</u> Docket Entry No. 5. He asserts that he rented property to Mr. Reed and Ms. Bryant beginning on June 4, 2008, with the lease to end on May 31, 2009, that they stopped paying rent beginning November 1, 2008, and that they have not moved from the property. <u>Id</u>. at ¶¶ 1-5. He contends that he filed an unlawful detainer action against Mr. Reed and Ms. Bryant in the state court, disputes that the matter involves any federal issues, and requests that the Court remand the case back to the Rutherford County General Sessions Court. <u>Id</u>. at ¶¶ 6-10.

3

On July 28, 2009, the State of Tennessee and its Legislature filed a motion to dismiss (Docket Entry No. 6).

## II. CONCLUSIONS

The Court finds that removal of this action was improper and the action should be summarily remanded back to the state court.

A defendant may remove an action from state court to federal court only if the action originally could have been filed in federal court. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The action brought by Mr. Gleaves in state court clearly is a contractual dispute between a landlord and a tenant involving matters of state law and involving only residents of Tennessee. No basis for federal jurisdiction exists upon which the action could have been originally filed in federal court under either 28 U.S.C. §§ 1331 or 1332.

The removing party has the burden of establishing original federal jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000); B & B Enterprises of Wilson County, LLC v. City of Lebanon, 422 F. Supp. 2d 903, 904-05 (M.D. Tenn. 2006). Mr. Reed and Ms. Bryant have not shown, either in their Notice of Removal or the Complaint,[1] that a question of federal law exists in this matter which supports the assertion of federal jurisdiction over what appears to be a routine landlord/tenant dispute. Their cursory and self-serving assertion that violations of their civil and constitutional rights are at issue, see Notice (Docket Entry No. 3), at 1, ¶¶ 1-2, is simply unsupported and is insufficient to support removal of this action to federal court.

---

[1] Mr. Reed and Ms. Bryant have not replied to the response filed by Mr. Gleaves.

The filing of a separate complaint by Mr. Reed and Ms. Bryant fails to support removal of the action. First, it is well-settled that grounds for removal of an action may be based only on the underlying complaint filed in the state court. Caterpillar, supra. Mr. Reed and Ms. Bryant cannot raise a federal issue sufficient to support removal of the action by filing a complaint simultaneous with the notice of removal. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("[A] counter-claim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."); Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 914-15 (6th Cir. 2007).

Second, it fully appears to the Court that Mr. Reed and Ms. Bryant have attempted to delay resolution of the state court action and/or file a separate complaint against 16 additional defendants under the guise of removing the action filed by Mr. Gleaves. Nowhere in the complaint is either Mr. Gleaves or the landlord/tenant dispute at issue in the state action mentioned or discussed. If Mr. Reed and Ms. Bryant intend to pursue an action against these 16 defendants, they will have to do so in a separately filed complaint.

Accordingly, pursuant to 28 U.S.C. § 1446(c)(4), the Court RECOMMENDS that this action be summarily remanded back to the General Sessions Court for Rutherford County, Tennessee.

The Court also RECOMMENDS that the pending motion to dismiss (Docket Entry No. 6) be DENIED in light of the recommendation that this action be remanded back to the state court. In the event that the Report and Recommendation is not adopted in full and/or Mr. Reed and Ms.

5

Bryant are permitted to proceed on their complaint, the State of Tennessee and its Legislature should have the right to renew their motion to dismiss.

Further, given that an objectively reasonable basis clearly did not exist for removal of the action, the Court RECOMMENDS that, in accordance with 28 U.S.C. § 1447(c), the Court require Mr. Reed and Ms. Bryant to pay just costs and any actual expenses, including attorney fees incurred by Mr. Gleaves as the result of the removal of the action from the Rutherford County General Sessions Court. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); Chase Manhattan Mortg. Corp., 507 F.3d at 913-14.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    */s/ Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge

6

Case 3:09-cv-00616   Document 8   Filed 07/29/09   Page 6 of 6 PageID #: 64